## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JAMES BUNCH,

      Plaintiff,

v.                                  Case No.: _____

BEACHSIDE BINGO, INC.;
RONALD D. STROBO, individually
and d/b/a BEACHSIDE BINGO;
4830 JACKSON CHARITABLE
GROUP, INC. IRREVOCABLE
TRUST; WILLIAM R. PERRY; and
WILLIAM R. PERRY &
ASSOCIATES, LLC,

      Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, James Bunch, by and through his undersigned

counsel, and hereby files this Initial Complaint against defendants, Beachside

Bingo, Inc.; Ronald D. Strobo, individually and d/b/a Beachside Bingo; 4830

Jackson Charitable Group, Inc. Irrevocable Trust; William R. Perry; and William

R. Perry & Associates, LLC, and alleges:

### I.  Jurisdiction and Venue

1.     This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331

insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29

U.S.C. § 201, *et seq.*

2.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II.  Parties*

3.     At all times relevant hereto, plaintiff, James Bunch, worked at a bingo establishment owned, operated, and/or controlled by one or more of the defendants.

4.     At times relevant hereto, defendant Beachside Bingo Inc. employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5.     Defendant Beachside Bingo Inc. is subject to, and not exempt from, the provisions of the FLSA.

6.     Defendant Ronald D. Strobo was at times relevant hereto an officer, owner, and/or managing member of Beachside Bingo Inc., exercised control over its operations, and played a substantial role in determining the compensation of

plaintiff in his employment with that entity.  In that capacity, he employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

7.     Defendant Ronald D. Strobo is subject to, and not exempt from, the provisions of the FLSA.

8.     At times relevant hereto, defendant 4830 Jackson Charitable Group, Inc. Irrevocable Trust exercised operational control over Beachside Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment at Beachside Bingo.  It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

9.     Defendant 4830 Jackson Charitable Group, Inc. Irrevocable Trust is subject to, and not exempt from, the provisions of the FLSA.

10.     At times relevant hereto, defendant William R. Perry exercised operational control over Beachside Bingo's operations in this district, and played a

substantial role in determining the terms and conditions of plaintiff's employment at Beachside Bingo and with the 4830 Jackson Charitable Group, Inc. Irrevocable Trust.

11.     Defendant William R. Perry is subject to, and not exempt from, the provisions of the FLSA.

12.     At times relevant hereto, defendant William R. Perry & Associates, LLC exercised operational control over Beachside Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment at Beachside Bingo.

13.     Defendant William R. Perry & Associates, LLC is subject to, and not exempt from, the provisions of the FLSA.

### III.  Factual Allegations

14.     Plaintiff began working for Beachside Bingo Inc., and Ronald D. Strobo on or about September 4, 2016.  At times pertinent hereto, plaintiff was jointly employed as an "employee" of Beachside Bingo Inc. and Ronald D. Strobo within the meaning of the FLSA.

15.     Beachside Bingo Inc. and Ronald D. Strobo, owned/operated at least one bingo hall in Northwest Florida, which operated under the name Beachside Bingo and was located at 4830 West Jackson Street, Pensacola, Florida.

16.     Beachside Bingo, Inc. and Ronald D. Strobo were at all times relevant hereto engaged in commercial activities and competed with other private businesses.

17.     Throughout plaintiff's employment at Beachside Bingo, Inc., defendants Beachside Bingo Inc. and Ronald D. Strobo failed to pay him the minimum wages required under the FLSA.

18.     In or around July 2018, employees of Beachside Bingo, Inc. and Ronald D. Strobo were advised that they would no longer be paid for <u>any</u> of the hours that they worked; instead, the only compensation they would receive would be in the form of tips received from patrons.

19.     Consequently, the last day of work for which plaintiff was compensated for his labor at Beachside Bingo by defendants Ronald D. Strobo and Beachside Bingo, Inc. was in mid-2018.

20.     Other than no longer paying plaintiff, however, nothing else about plaintiff's employment with defendants Ronald D. Strobo and Beachside Bingo, Inc. changed at that time.

21.     Upon information and belief, on or about October 1, 2018 defendant 4830 Jackson Charitable Group, Inc. Irrevocable Trust was formed, after which the operations at Beachside Bingo were purportedly transferred to that entity, in whole

or in part.

22.     Nevertheless, defendants Ronald D. Strobo and Beachside Bingo, Inc. retained at least some operational control.

23.     Additionally, in 2019 defendant William R. Perry assumed at least some operational control over 4830 Jackson Charitable Group, Inc. Irrevocable Trust and Beachside Bingo.

24.     Moreover, while plaintiff was working for and jointly employed as an "employee" by Ronald D. Strobo; Beachside Bingo, Inc.; William R. Perry; 4830 Jackson Charitable Group, Inc. Irrevocable Trust; and William R. Perry & Associates, LLC , plaintiff was paid no wages for time spent working at Beachside Bingo.

25.     At all times relevant hereto, Beachside Bingo, as operated and controlled by defendants, sold and hosted games of chance, participated in the gambling and/or entertainment sectors of the economy, and otherwise engaged in commercial activities and competed with other private businesses.

26.     At no point during his employment at Beachside Bingo was plaintiff properly paid the minimum wages owed to him by any defendant.

27.     Plaintiff's employment with defendants at Beachside Bingo ended on or about December 24, 2020.

28.     Upon information and belief, defendants also failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### IV.  Count I -- Violation of Fair Labor Standards Act
### (Minimum Wages)

29.     Plaintiff realleges and incorporates herein paragraphs 1 through 28, above.

30.     Defendants are subject to, and not exempt from, the provisions of the FLSA.

31.     Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

32.     Nevertheless, defendants failed to compensate him at the legally required wage.

33.     Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

34.     As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for his labor at the legally required rate.

35.     Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to him by defendants.

7

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which he may be entitled.

*Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
Richard D. Barlow, Esq.
Florida Bar Number:  0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida 32501
(850) 434-3527
email@odombarlow.com
Attorneys for Plaintiff

8